## KIRKLAND *v.* THE NEW ORLEANS GAS LIGHT AND BANKING COMPANY.

Where property has been sold by a wife, with the concurrence of the husband, the sale cannot be annulled on the ground that the property belonged to the community. The husband having concurred in the sale, it must be regarded as their joint act, and binding on both.

Where the purchaser of an immovable is in possession under a conveyance not void upon its face, in order to annul the sale for fraud, recourse must be had to a direct action. The question of fraud cannot be inquired into collaterally, in proceedings commenced by a seizure· But this rule does not apply to the sale of moveables. C. C. 2415.

APPEAL by the defendants from a judgment of the Court of Rapides, *Boyce,* J. *Hyman* and *Waters,* for the plaintiff. *Brent* and *O. N. Ogden,* for the appellants.

The judgment of the court was pronounced by

KING, J. This suit was commenced by an injunction to arrest the execution of a *fieri facias,* on the ground that the property seized under the writ belonged to the plaintiff, and not to the judgment debtor.

In February 1843, *Spurlock* conveyed to his wife, by public act, his plantation, slaves, and a large quantity of moveable effects, for $33,305, which was its estimated value, ascertained by sworn appraisers called for the purpose. The consideration of the sale is stated to be, to replace the paraphernal and separate property of the wife, alienated by the husband during the marriage, which amounted to $10,950. The residue of the price the wife retained in her hands, by the terms of the contract, to be applied to the discharge of the mortgage debts of her husband, next in order after her own. On the 17th of December, 1844, *Spurlock's* wife, assisted by her husband, sold, by act under private signature, to the plaintiff, *Kirkland,* a large quantity of moveable property for the price expressed in the deed, of $4,900, the receipt of which was acknowledged. The sale was accompanied by a delivery of possession, but the act does not appear to have been registered. The New Orleans Gas Light and Banking Com-

KIRKLAND
v.
NEW ORLEANS
GAS LIGHT AND
BANKING COM-
PANY.

pany, being judgment creditors of *Spurlock*, issued a *fieri facias*, under which the sheriff seized, on the 21st of December, 1844, the greater part of the property embraced in this last conveyance, and this writ has been enjoined.

The defendants allege that the sale from *Spurlock* to his wife is illegal and void upon its face; that the effects sold by *Spurlock's* wife to the plaintiff belonged to the community, could not be sold by the wife, and were liable to seizure for her husband's debts; and, finally, that the sale to the plaintiff was fraudulent, simulated and void. The plaintiff contends that his title to the property seized cannot be collaterally questioned, by commencing with a seizure; but that the defendants should have resorted to a direct revocatory action, for the purpose of setting it aside.

The question of the legality of the sale from *Spurlock* to his wife does not properly present itself in this case, and need not be discussed; for, admitting it to be invalid as contended for, and that the property conveyed to the plaintiff belonged to the communinity, the conveyance was made by the wife, with the concurrence of her husband, and must be regarded as their joint act, binding upon both, if otherwise valid.

With regard to immovables it has been repeatedly held that, when a person is in possession under a conveyance, not void upon its face, the question of fraud cannot be inquired into collaterally, by commencing with a seizure. 14 La. 426. 13 La. 553. There are obvious reasons why the rule which has obtained in relation to real property, is wholly inapplicable to moveables in a case like this. The title to the former is required to be in writing and registered, which gives notice to third persons, who may enquire into its character and validity, and within twelve months institute a revocatory action. Civil Code, art. 2415. The sales of moveables are not required to be in writing. Civil Code, art. 2416 They pass by verbal transfers, and creditors are furnished with no means of ascertaining the title and the character of the possession by which they are held. When the sale is by private act unrecorded, as is the case in the present instance, the contract itself is unknown to the creditor, and the law cannot certainly require, that he should institute an action to annul a transfer, of whose nature and even existence he is ignorant, before attempting to enforce his judgment upon the property which it professes to convey. It is the constant practice in suits commencing by attachment, to seize property in the hands of third persons claiming to be owners, and to test the right of ownership in that litigation. It has never been contended that, in such cases, the creditor should resort to an action for the purpose of annulling the title of the third possessor, before attaching the property in the hands of the latter; and yet the reasons which would suggest the propriety of the revocatory action in the one case are equally applicable to the other.

The judge below instructed the jury that, "if they were of opinion, from the evidence, that the articles sold were placed in the possession and under the control of the plaintiff, before the seizure, they ought to find for the plaintiff." "That the law is, even in cases of contracts made in fraud of creditors, when delivery attends or follows the contract, that the creditors of the vendor must respect the possession of the purchaser, and their remedy is to have the contract set aside first by an action of revocation." Under these instructions the jury found for the plaintiff. We think that the judge erred in his charge, and should have instructed the jury that, they could enquire into the origin and character of the transfer and possession from *Spurlock* and husband to the

plaintiff, and that if they were of opinion, from the evidence, that the act was    <span style="float:right">Kirkland<br>v.<br>New Orleans<br>Gas Light and<br>Banking Com-<br>pany.</span>
fraudulent or simulated, they ought to find for the defendant.

The conveyance was made to the plaintiff, under circumstances well calcu-
lated to throw suspicion upon the character of the transaction. *Spurlock* and
wife were on the eve of absconding from the State, and of removing their slaves
and other portable effects to Texas. The sale was made on the 17th of Dec.,
and, on the 21st of the same month, the date of the seizure, they had disap-
peared, and all of the property which they had left behind was claimed by the
plaintiff. This property had not been removed from the plantation at the date
of the seizure. They had conveyed the whole of their moveable effects, leaving,
as it appears, other creditors to a large amount, unsatisfied. With this evidence
before us, we cannot determine whether the verdict of the jury was founded
upon the charge of the judge in relation to the respect due to the possession of
the plaintiff, or to their convictions, from the evidence, that the transfer was not
fraudulent or simulated, but had been entered into in good faith. It therefore
becomes necessary to remand the cause, for the purpose of being proceeded
with in accordance with the principles announced in this opinion.

The judgment of the District Court is therefore reversed, and the cause re-
manded for further proceedings according to law ; the appellee paying the costs
of this appeal.